R. BRIAN DIXON, Bar No. 76247
ALISON S. HIGHTOWER, Bar No. 112429
LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Fax No.:     415.743.6665
lhayward@littler.com

Attorneys for Defendant
SIEMENS INDUSTRY, INC.

ANTHONY J. ORSHANSKY, Bar No. 199364
DAVID H. YEREMIAN, Bar No. 226337
ORSHANSKY & YEREMIAN LLP
16133 Ventura Blvd., Suite 1245
Encino, CA  91436
Telephone:   818.205.1212
Fax No.:     818.205.1616
david@oyllp.com

Attorneys for Plaintiff
ALBERT CHING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CHING, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS INDUSTRY, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 11 4838 MEJ<br><br>**STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER** |

Plaintiff ALBERT CHING ("Plaintiff" or "Ching") and Defendant SIEMENS INDUSTRY, INC. ("Defendant" or "Siemens"), through their respective counsel, seek this Court's approval of this Stipulation of Confidentiality and Protective Order ("Protective Order").

WHEREAS, pretrial discovery in *Albert Ching v. Siemens Industry, Inc.*, United States District Court for the Northern District of California, Case No. C 11 4838 MEJ) (the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER

Case No. C 11 4838 MEJ

"Action"), may require disclosure of confidential information and documents, including proprietary material, company confidential, trade secret, personnel information, or other confidential information (the "Confidential Materials" defined herein); and

WHEREAS, Plaintiff and Defendant (collectively the "Parties") desire to maintain the confidentiality of the Confidential Materials.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties to this Action, through their respective counsel, as follows:

CONFIDENTIAL MATERIALS

1. The term "Confidential Materials" shall mean the following information that any Party to this Action may produce, receive, or disclose from another Party or non-party:

a. Any non-public, proprietary business information pertaining to Defendant or non-parties, including without limitation trade secrets, contracts with third-party vendors and customers, customer information, business plans, product or pricing information, and customer lists;

b. The personnel records of current or former employees or applicants of Defendant, Defendant's parent company and affiliates, or non-parties acquired by or otherwise associated with Defendant; and

c. Any sensitive or private personal information, such as social security numbers, driver's license numbers, home or business addresses, home or business phone numbers for any individual, financial or tax information, and medical information.

2. The Disclosing Party shall designate as "CONFIDENTIAL" only information that the Disclosing Party in good faith believes is confidential, that normally would not be revealed to third parties, and that is maintained in confidence.

3. All information designated as "CONFIDENTIAL" by the Disclosing Party covers not only Confidential Materials, but also (1) any information copied or extracted from Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials. However, the protections conferred by this Stipulation and Order do not cover the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER

2.

Case No. C 11 4838 MEJ

1  following information: (a) any information that is in the public domain at the time of disclosure to a
2  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a
3  result of publication not involving a violation of this Order, including becoming part of the public
4  record through trial or otherwise; and (b) any information known to the Receiving Party prior to the
5  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the
6  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of
7  Confidential Materials at trial shall be governed by a separate agreement or order.

8      4.    All information designated as "CONFIDENTIAL" by the Disclosing Party shall not
9  be disclosed by any of the other Parties to any person or entity other than those persons designated
10 herein and, in any event, shall not be used for any purpose other than in connection with the Action.
11 Such information may be disclosed only to the following:

12     a.    The Court and court officials (subject to provisions for filing under seal, set
13 out below);

14     b.    Counsel of record for any Party, including their associates, paralegals, and
15 clerical personnel;

16     c.    The Parties: for Defendant, this includes current officers, directors, registered
17 representatives, employees and agents of Defendant, its parent company and affiliates; for Plaintiff,
18 this includes Plaintiff Albert Ching;

19     d.    A former officer, director, agent, registered representative or employee of a
20 Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action;

21     e.    Persons retained or consulted by the Parties or their attorneys for purposes of
22 this litigation (including, but not limited to, accountants, marketing consultants, financial advisors,
23 statisticians and economists), if such persons reasonably require the information to enable them to
24 assist counsel in the prosecution or defense of this litigation, provided that no such disclosure shall
25 be made to any person employed by any competitor of Defendant, except upon further order of the
26 Court;

27     f.    Any court reporter who takes testimony;

28     g.    A non-expert witness or potential witness at or in preparation for any noticed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER     3.     Case No. C 11 4838 MEJ

deposition or other proceeding in this Action, including trial;

h. Any persons or third-party contractors employed by any Party in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling of data or documents in connection with this Action;

i. Any other person as to whom the Parties agree in writing. To the extent counsel or any of their expert consultants, witnesses, or potential witnesses prepare summaries of "CONFIDENTIAL" materials, or cause such summaries to be prepared, such summaries shall be subject to the terms of this Protective Order;

j. Any individual who may be appointed or selected to mediate or oversee settlement discussions of this matter;

k. Persons designated by the Court upon such terms as the Court may deem proper; and

l. Persons or entities that produced or originally created the Confidential Materials or any indicated author or recipient of the material.

5. No disclosure of materials designated as "CONFIDENTIAL" by any Disclosing Party may be made to any person pursuant to the terms of paragraphs 3(d), 3(e), 3(g), 3(h), or 3(i) unless that person first executes an agreement to be bound by the terms of this Order in the form attached hereto as **Exhibit A**. This Order shall be binding upon the Parties (including all employees and agents of the Parties), counsel for any Party (including their associates, paralegals, and clerical personnel), and all persons who, pursuant to the preceding sentence, have executed an agreement to be bound by the terms of this Order. No person or entity upon whom this Order is binding shall use materials designated as "CONFIDENTIAL" for any purpose other than in connection with the Action. If a witness at a deposition refuses to sign **Exhibit A**, the Parties shall meet and confer with each other and, if necessary, submit the issue to the Court prior to the disclosure to the witness of any "CONFIDENTIAL" document.

6. With respect to documents that the Disclosing Party reasonably believes contain Confidential Materials, the Disclosing Party shall either stamp such documents "CONFIDENTIAL" before the time of production or when photocopied and delivered or designate categories of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER    4.    Case No. C 11 4838 MEJ

documents in container(s) marked "CONFIDENTIAL" and provide a description of the designated categories of documents in the container(s). Such documents will also bear a Bates stamp number, or some other mutually agreeable identifying number. Designation in conformity with this Order for information produced in some form other than documentary and for any other tangible items requires that the Producing Party affix in a prominent place on the exterior of the container(s) in which the information or item is stored, the legend "CONFIDENTIAL." If only a portion(s) of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7. To the extent Confidential Materials or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. On the record at a deposition, a Party may designate as "CONFIDENTIAL" the testimony which it reasonably believes discloses Confidential Materials. The Designating Party shall be responsible to instruct the court reporter to segregate confidential from non-confidential testimony and exhibits in separate transcripts. Confidential portions of deposition transcripts shall be treated in the same manner as any other "document" described in this Order.

8. Nothing in this Protective Order shall prevent any Party from disclosing its own Confidential Materials as it deems appropriate. Such disclosure shall not constitute a waiver of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER      5.      Case No. C 11 4838 MEJ

designation of such confidential materials as "CONFIDENTIAL."

9. Any Party may challenge a designation of "CONFIDENTIALITY" at any time. Unless a prompt challenge to a Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, the challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If any Party objects to the designation of any materials as "CONFIDENTIAL," that Party shall state the objection by letter to counsel for the Party making the designation. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the objection letter.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements described herein. Failure by the Designating Party to timely make such a motion including the required declaration shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements herein.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question

the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

10. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Materials. A Party that seeks to file under seal any Confidential Materials must comply with Civil Local Rule 79-5 and General Order 62. Confidential Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Materials at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Confidential Materials at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

Once the Party seeking to file Confidential Materials with the Court under seal has obtained an order from the Court authorizing the sealing of the particular documents, or portions thereof, the Party may then file Confidential Materials with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court entered [date of this Order], contains confidential information, and is not to be opened or the contents revealed except by order of the Court.

If the Court denies the application, the Party wishing to file the Confidential Materials is free to do so in the normal course and not under seal regardless of the terms of this Protective Order pursuant to Civil Local Rule 79-5(e), unless otherwise instructed by the court.

11. Any court hearing that refers to or describes Confidential Materials may, in the Court's discretion, be *in camera.*

12. If a Party in possession of materials designated as "CONFIDENTIAL" receives a subpoena from a non-party to this Protective Order that seeks production or other disclosure of Confidential Materials, it or he shall immediately give written notice to counsel for the Party who designated the materials as "CONFIDENTIAL," stating the materials sought and enclosing a copy of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER        7.        Case No. C 11 4838 MEJ

the subpoena. Where possible, at least ten (10) calendar days' notice before production or other disclosure should be provided. In no event shall production or disclosure be made before telephonic notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

13. Upon final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Materials have been disclosed or provided shall either destroy all such Confidential Materials or return them to the Disclosing Party. Final resolution shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. However, the obligation to destroy or return the Confidential Materials to the Disclosing Party shall not extend to any Confidential Materials included in conformed copies of materials filed with the Court or copies required to be kept by Counsel of record for any Party in compliance with state bar requirements or errors or omissions insurance policies. The Parties further agree that their obligations under this Protective Order will not terminate upon final resolution of this Action, and that this Protective Order will remain in effect in perpetuity.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Order shall not be construed as a waiver of any right to object on any other grounds to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation to produce information in the course of discovery.

15. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

16. This Protective Order shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER  8.  Case No. C 11 4838 MEJ

1 | in maintaining the confidential nature of any evidence that is presented at trial.

2 |     17.    After the date of the Protective Order, if a Party inadvertently produces or provides discovery of any Confidential Materials without designating them as such, the Disclosing Party may give written notice to the Party or Parties that have received the Confidential Materials that the document(s), information, response, testimony, or other discovery are Confidential Materials and should be treated as confidential in accordance with the provisions of this Order. The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received. The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

    18.    The Parties, and any other person subject to the terms of this Order, agree that after this Action is terminated this Court shall have and retain jurisdiction over him, her, or it for the purpose of enforcing this Order for ninety (90) calendar days following the termination of this Action. The Court may modify the Protective Order in the interests of justice or public policy.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 9, 2012

                                                  /s/
                                   R. BRIAN DIXON
                                   LAURA E. HAYWARD
                                   LITTLER MENDELSON, P.C.
                                   A Professional Corporation
                                   Attorneys for Defendant
                                   SIEMENS INDUSTRY, INC.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER     9.     Case No. C 11 4838 MEJ

Dated: May 9, 2012

                                                 /s/
                                    ANTHONY J. ORSHANSKY
                                    DAVID H. YEREMIAN
                                    ORSHANSKY & YEREMIAN LLP
                                    A Professional Corporation
                                    Attorneys for Plaintiff
                                    ALBERT CHING

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _May 9, 2012_

                                    THE HONORABLE MARIA-ELENA JAMES
                                    UNITED STATES DISTRICT JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER

10.

Case No. C 11 4838 MEJ

# EXHIBIT A

## WRITTEN ASSURANCE OF CONFIDENTIALITY

I, _____, have read and fully understand the Stipulation of Confidentiality and Protective Order in *Albert Ching v. Siemens Industry, Inc.*, United States District Court for the Northern District of California, Case No. C 11 4838 MEJ (the "Protective Order"). I agree to comply with and be bound by the Protective Order. I agree that I will not disclose any Confidential Materials, as defined in the Protective Order, to any persons or in any manner not specifically authorized by the Protective Order, and I agree that I will not copy, use or disclose any Confidential Materials except solely in connection with the case referenced above.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration was executed at _____, _____, on _____, 20__.

Signed: _____

Firmwide:110204760.1 069268.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION OF CONFIDENTIALITY
AND [PROPOSED] PROTECTIVE ORDER

11.

Case No. C 11 4838 MEJ